MORGAN *vs.* THE MECHANICS' BANKING ASSOCIATION.

Where notes and stock are deposited as collateral security for the payment of promissory notes given on obtaining a loan of money, upon an agreement that the avails of the collaterals are to be applied to the payment of the loan when the notes given therefor become due, if the collaterals are paid before the notes of the borrower become due, and the lender uses the money, such use of the money will not amount to *usury* in the notes, unless it was a part of the agreement, made at the time of giving the same, that the lender should have the use of the money without interest.

APPEAL from a judgment entered at a special term, upon the report of a referee. The action was brought by the plaintiff who was the assignee of Jacob S. Platt, in trust for the

Morgan *v.* Mechanics Banking Association.

creditors of the latter, against the defendants, for the recovery of a large amount of certain collateral notes and stock transferred to, and received by the defendants, in a certain transaction between Platt and the defendants, which was alleged by the plaintiff to have been corrupt and usurious. The following facts were found by the referee. On or about the 26th day of November, 1850, Jacob S. Platt obtained from the defendants a loan of $20,000 on his own note, for that amount, payable on or about the first day of March, 1851 ; and as security for the payment of his said note, he deposited with the defendants various other notes, and also the Shelburne Lead Mining Stock, mentioned in the pleadings. On or about the third day of January, 1851, Platt obtained from the defendants, a further loan of $10,000, on his own note for that amount, payable on or about the said first day of March, 1851 ; and as security for the payment of his said last mentioned note, he deposited with the defendants various other notes. On or about the first day of March, 1851, Platt, for the purpose of paying his two last mentioned notes, and for other purposes, obtained from the defendants a loan of $27,000, on his own note, for that amount, payable in sixty days, and as security for the payment thereof, he deposited with the defendants, the several notes and securities which had previously been deposited as aforesaid, and which were not then due, together with various other notes, in addition thereto. When Platt applied to the defendants for each of the aforesaid loans, he presented his own note, with a list of the notes which he proposed to deposit as a collateral security, which were laid before the board of directors of the defendants ; and the said loans were made on being approved by the board, in the usual way. No specific agreement was entered into between the parties, aside from making the loans in the manner above stated. The notes deposited as collateral security, as aforesaid, on each of said loans, were numerous, and for small amounts, against various individuals ; and the defendants gave notice to such individuals when their respective notes fell due, and attended to the collection of the same. A portion of the said notes became due, and some of them were paid, at various dates prior to the

time when the aforesaid principal notes for which they were security, became due ; and in such cases, the money received on said collateral notes was credited in a separate and distinct account called the cashier's account, but was mingled with and treated like other funds deposited in the bank of the defendants ; and was applied in payment of the said principal notes of the said Platt, when the same became .due. Interest at the legal rate was deducted from the amount of the aforesaid loans, at the time of making the loan, in the usual way, but no interest was allowed by the defendants upon the moneys received upon the collateral notes which were paid prior to said principal notes falling due. The said note of Platt, for $27,000, had not been paid, nor had a sufficient amount been received upon the said collateral notes to pay the same ; and the said collateral notes remaining unpaid, and also the Shelburne Lead Mining Stock, were still held by the defendants, as collateral security for the payment of the said note. The said Jacob S. Platt made and executed an assignment of the said collateral notes and stock to the plaintiff in this action, as stated and set forth in the complaint.

The said referee found as matter of law, from the foregoing facts, that neither of the said loans to Platt was made upon a corrupt and usurious agreement, or contrary to the statutes against usury ; that the plaintiff was not entitled to have the said collateral notes delivered or transferred to him, but that the defendants were entitled to retain the same until the aforesaid note of Platt should·have been paid ; and that the defendants were entitled to judgment against the plaintiff for their costs in this action. Judgment was entered accordingly, and.the plaintiff appealed.

*W. Rutherfurd* and *Thos. B. Dibble*, for the plaintiff.

. *R. E. Mount, jun.* for the defendants.

*By the Court*, MORRIS, J. There was no agreement or understanding that usury should be taken. The agreement estab-

lished was the legal and usual one, where collaterals are deposited as security, and their avails are to be applied to the payment of the notes when the notes become due. If the collaterals were paid before the note became due, and the bank used the money, then upon a settlement of accounts the bank should allow Platt's estate interest on such moneys. The use of the money paid on such collaterals cannot be deemed usury in the notes given by Platt, unless at the time of giving his note the *use* of the money paid upon the collaterals, without interest, was a part of the agreement. The facts reported by the referee show that such was not the agreement.

[NEW YORK GENERAL TERM, April 9, 1855. *Mitchell, Roosevelt* and *Morris,* Justices.]